**E–Z IMPLEMENTS, INC., Plaintiff,**

v.

**MARV HAUGEN ENTERPRISES, INC.,
and Virnig Manufacturing, Inc.,
Defendants.**

**No. CIV. 97–1595 DSD/JMM.**

United States District Court,
D. Minnesota.

Nov. 17, 1998.

Richard O. Bartz, and Burd, Bartz & Gutenkauf, Norman P. Friederichs, Friederichs Law Office, Minneapolis, MN, for E–Z Implements, Inc.

William M. Bradt, Hansen, Dordell, Bradt, Odlaug & Bradt, St. Paul, MN, John C. Irby, Burgmun & Irby, Casselton, ND, for Marv Haugen Enterprises.

Randall T. Skaar, Skaar & Richards, Sri K. Sankaran, Patterson & Keough, Minneapolis, MN, for Virnig Mfg.

## ORDER

DOTY, District Judge.

This matter is before the court on the motions of defendants Marv Haugen Enterprises, Inc., and Virnig Manufacturing, Inc., for summary judgment.[1] Based on a review of the file, record, and proceedings herein, the court grants defendants' motions.

## BACKGROUND

Plaintiff E–Z Implements is a Minnesota corporation having its principal place of business in Jordan, Minnesota. Defendant Virnig Manufacturing is a North Dakota corporation having its principal place of business in Casselton, North Dakota. Defendant Marv Haugen Enterprises is a Minnesota corporation having its principal place of business in Pierz, Minnesota. The court's jurisdiction over this matter is based on 28 U.S.C. § 1331.

At issue in this case is a product known as the E–Z Digger. Designed by Charles Devaney, President of plaintiff, in late 1990, the E–Z Digger is a U-shaped shovel attachment for skid loaders. The E–Z Digger is designed to dig trenches, dig up trees without scarring their trunks, transplant trees, remove embedded rocks, stumps, footings, and sidewalks, and loosen hard packed soil. Plaintiff began marketing the E–Z Digger in 1990, and since that time has promoted, marketed, and advertised the implement to the nursery, farming, contractor, tree grower, and excavator industries. Two design patents exist for the E–Z Digger. The first is directed at the shape of the blade and the other is directed at the entire product.[2] To date, sales of the E–Z Digger have totaled approximately $700,000.

In 1996, defendant Virnig Manufacturing began to produce a U-blade attachment for use with skid loaders under the name Virnig U–Blade. Plaintiff alleges that the shovel attachment made by defendant Virnig is a substantial copy of plaintiff's E–Z Digger:

> The Virnig shovel attachment has the same structure, arrangement of structure, dimensions of the structure, weld placements, configuration, design, and color predicating its overall trade dress as the E–Z Digger attachment. The U-blade of the Virnig shovel attachment has substantially the same design and configuration as the U-blade of the E–Z Digger shovel attachment.

Complaint (Docket No. 1) at ¶ 11. Plaintiff alleges that defendant Virnig observed the E–Z Digger at a dealership in 1996 and made an exact copy which it began to sell shortly thereafter.

Defendant Marv Haugen Enterprises is a sales representative of Virnig and advertises and sells the Virnig U-blade shovel attachment. Plaintiff alleges that defendant Haugen has sold the Virnig U-blade to dealers stocking the E–Z Digger knowing that the Virnig U-blade was a copy of the E–Z Digger and its trade dress.

Plaintiff filed suit against defendants in Hennepin County District Court in June 1997, alleging trade dress infringement (Count I), violations of state statutory and common law unfair competition laws (Count II), interference with economic advantage (Count III), conversion (Count IV), and unjust enrichment (Count V). Because plaintiff's claim for trade dress infringement invokes the Lanham Act, 15 U.S.C. § 1125(a), defendant Virnig removed this action to this court on July 8, 1997, pursuant to 28 U.S.C. § 1441. Defendant Marv Haugen subse-

---

1. While both defendants have filed motions for summary judgment, only defendant Virnig Manufacturing has filed a memorandum in support of its motion. Defendant Marv Haugen Enterprises, in its motion for summary judgment, adopted the arguments set forth in Virnig's memorandum. Where appropriate, Marv Haugen and Virnig will be referred to collectively as "defendants."

2. Despite the existence of these patents, plaintiff does not charge patent infringement in this action.

quently filed a cross-claim against defendant Virnig, alleging that if plaintiff is entitled to damages, such entitlement is a result of the actions of defendant Virnig, and defendant Marv Haugen is entitled to indemnification from defendant Virnig in the event liability is established.

Defendants now move for summary judgment, seeking a ruling that no trade dress infringement occurred in this case. In the alternative, defendants assert that plaintiff cannot assert a claim of conversion based upon patented features of the E–Z Digger when no claim of patent infringement has been made. Finally, defendants assert that plaintiff's showing of damages is insufficient as a matter of law.[3] After oral argument, this matter is now properly before the court for decision.

## DISCUSSION

The court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). This standard mirrors the standard for judgment as a matter of law under Federal Rule of Civil Procedure 50(a), which requires the trial court to enter judgment as a matter of law if there can be but one reasonable conclusion as to the verdict. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is material only when its resolution affects the outcome of the case. *Id.* 477 U.S. at 248, 106 S.Ct. 2505. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id.* 477 U.S. at 252, 106 S.Ct. 2505. There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Id.* 477 U.S. at 249, 106 S.Ct. 2505.

On a motion for summary judgment, the court views the evidence in favor of the nonmoving party and gives that party the benefit of all justifiable inferences that can be drawn in its favor. *Id.* 477 U.S. at 250, 106 S.Ct. 2505. The nonmoving party, however, cannot rest upon mere denials or allegations in the pleadings. Nor may the nonmoving party simply argue facts supporting its claim will be developed later or at trial. Rather the nonmoving party must set forth specific facts, by affidavit or otherwise, sufficient to raise a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If reasonable minds could differ as to the import of the evidence, judgment as a matter of law should not be granted. *See Anderson*, 477 U.S. at 250–51, 106 S.Ct. 2505. If a plaintiff fails to support an essential element of a claim, however, summary judgment must issue because a complete failure of proof regarding an essential element renders all other facts immaterial. *Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548.

 In Count I of the Complaint, plaintiff alleges trade dress infringement. The Lanham Act imposes civil liability on

> any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact which—
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities.

15 U.S.C. § 1125(a)(1)(A)–(B). Trade dress, regardless of whether it is registered, is protectable under the Lanham Act. *Aromatique, Inc. v. Gold Seal, Inc.*, 28 F.3d 863, 868 (8th

---

**3.** Because the court finds that no trade dress infringement occurred in this case and remands the remainder of plaintiff's claims to state court, no finding on the latter two issues is required.

Cir.1994). A trade dress is entitled to protection if it satisfies three criteria: (1) it is inherently distinctive or has acquired distinctiveness through secondary meaning; (2) it is primarily nonfunctional; and (3) its imitation would result in a likelihood of confusion in consumers' minds as to the source of the product. *Insty\*Bit, Inc. v. Poly–Tech Industries, Inc.,* 95 F.3d 663, 667 (8th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1085, 137 L.Ed.2d 219 (1997); *Stuart Hall Co., Inc. v. Ampad Corp.,* 51 F.3d 780, 783 (8th Cir. 1995); *Aromatique,* 28 F.3d at 868.

■ Defendants assert that plaintiff has failed to identify any element of the E–Z Digger that is nonfunctional. The Eighth Circuit has adopted the following test for functionality:

> If the particular feature is an important ingredient in the commercial success of the product, the interests in free competition permits [sic] its imitation in the absence of a patent or copyright. On the other hand, where the feature or, more aptly, design, is a mere arbitrary embellishment, a form of dress for the goods primarily adopted for purposes of identification and individuality and, hence, unrelated to basic consumer demand in connection with the product, imitation may be forbidden where the requisite showing of secondary meaning is made. Under such circumstances, since effective competition may be undertaken without imitation, the law grants protection.

*Insty\*Bit,* 95 F.3d at 673; *Stuart Hall,* 51 F.3d at 790; *Aromatique,* 28 F.3d at 873 (quoting *Prufrock Ltd., Inc. v. Lasater,* 781 F.2d 129, 133 (8th Cir.1986)). Thus, "trade dress is nonfunctional 'if it is an arbitrary embellishment primarily adopted for purposes of identification and individuality.'" *Insty\*Bit,* 95 F.3d at 673 (citing *Aromatique,* 28 F.3d at 873).

■ The Eighth Circuit has held that "[t]rade dress is the 'total image of a product, the overall impression created, not the individual features.'" *Aromatique,* 28 F.3d at 868 (quoting *Woodsmith Publishing Co. v. Meredith Corp.,* 904 F.2d 1244, 1247 (8th Cir.1990)). In assessing functionality, therefore, "the appropriate inquiry is whether the collection of design elements, taken as a whole, are functional, not whether individual elements of the trade dress could be categorized as such." *Insty\*Bit,* 95 F.3d at 673. Plaintiff, as the party asserting its unregistered trade dress, carries the burden of establishing nonfunctionality. *Aromatique,* 28 F.3d at 869; *Woodsmith,* 904 F.2d at 1247.

Defendants assert that the E–Z Digger is wholly functional, and possesses no features that constitute a mere arbitrary embellishment primarily adopted for purposes of identification and individuality. Virnig's memorandum in support of defendants' summary judgment motion identifies ten specific features that are the alleged trade dress of the E–Z Digger.[4] Defendants then discuss each of these features, and point out why each has function and therefore may not constitute trade dress. Plaintiff does not respond to these arguments in its response; therefore, the court finds that each of the individual features, taken by themselves, has function and cannot constitute trade dress.

Plaintiff, however, does argue that trade dress exists when the overall design and appearance of the E–Z Digger is taken into consideration. When asked which elements

---

4. Defendants identify Exhibit 12 to the Affidavit of Randall Skaar as the record evidence where plaintiff identifies the trade dress at issue here. Exhibit 12 contains several of plaintiff's answers to defendants' second set of interrogatories, and includes plaintiff's answer to this question:

> State in detail, and not in summary fashion, each and every element comprising the whole of the appearance of the E–Z Digger shovel attachment that plaintiff contends is a nonfunctional or ornamental feature of the design of the E–Z Digger shovel attachment.

Interrogatory No. 5, Exhibit 12 to Affidavit of Randall Skaar (Docket No. 18).

In its answer to this question, plaintiff identifies what it believes to be the trade dress at issue. While Virnig's memorandum lists ten features that defendants contend plaintiff identifies as trade dress, the features identified and discussed in the memorandum and the features identified by plaintiff in Exhibit 12 are not the same. Given plaintiff's failure to address defendants' arguments concerning individual features, this discrepancy is largely moot; however, this is a clear demonstration of the need to carefully cite to the record in a thorough fashion when utilizing evidence contained therein.

of the E–Z Digger plaintiff contends are non-functional or ornamental features of the design of the device, plaintiff responded that "the trade dress of the E–Z Digger shovel attachment involves the total image or overall look of the E–Z Digger shovel attachment. The total image is a complex combination of many features and configurations which are considered together." Interrogatory Answer No. 5, Exhibit 12 to Affidavit of Randall Skaar (Docket No. 18). Plaintiff further points to the "overall composition and design including, shape, lines, contours, angles, configurations, arrangement of structures, intricate pattern of interlaced lines, balance, symmetry, and style." *Id.* Plaintiff thus relies on the overall appearance of the product in support of its claim.

While the court is mindful of the Eighth Circuit's admonition that the "collection of design elements, taken as a whole" should be considered when determining functionality, plaintiff has failed to demonstrate that the E–Z Digger is not wholly functional. The court has reviewed the deposition of Charles Devaney, where he testifies at length about the superior functionality of his product, a result of the overall design of the device. For example, when asked what functions the E–Z Digger performed, Devaney testified:

> Let's go right to the start. Transplanting small trees and shrubs, round bottom trenching. No other digger ever mentions trenching. The only digger on the market that can dig a straight wall trench is my digger, only one, because of the shape.
>
> Carrying logs and pipes. Shutt digger, Farmers Factory, any of those never even knew you could do that with. And some of them can't do it because they have a closed back, their angle in relationship to their carriage can't do it, their open back on the mount plate. They can't see to even hook on to it.
>
> And also number of sizes available. For example, Farmer's Factory doesn't offer a number of sizes. The sizes and the Shutt digger maybe three, and they aren't also the same size as mine.. But none of them will dig a trench, the competition at all, or

carrying logs or pipes or culverts. That's a distinct feature of my digger.

Deposition of Charles Devaney, Exhibit 4 to Affidavit of Randall Skaar (Docket No. 18) at 99–100. Defendants are correct in pointing out that Devaney does not make any statements about how any aspect of the overall design of the E–Z Digger is a mere arbitrary embellishment rather than part of the functionality of the device.

Viewed as a whole, the court finds that plaintiff's asserted trade dress is clearly functional. The purported dress is not "an arbitrary embellishment adopted for purposes of identification and individuality." Instead, the combination of all the features of the E–Z Digger are important elements in the functionality of the device. Because under Eighth Circuit case law the asserted trade dress is functional, a claim for infringement under the Lanham Act does not exist and summary judgment for defendants on this claim is appropriate.

The remaining allegations in the complaint relate to claims arising under Minnesota statutory and common law. Because no federal question remains for decision, the court finds that plaintiff's remaining claims should be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

## CONCLUSION

Based on a review of the file, record, and proceedings herein, the court finds that plaintiff has failed to satisfy its burden of showing the nonfunctionality of any element of its E–Z Digger device. Therefore, **IT IS HEREBY ORDERED** that:

1. The motion of defendants Marv Haugen Enterprises, Inc. and Virnig Manufacturing, Inc. for summary judgment on the Lanham Act claim of plaintiff E–Z Implements, Inc. is granted;

2. The remaining claims of plaintiff E–Z Implements, Inc. are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**